1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

GABRIEL ECKARD,

8                              Plaintiff,

Case No. C19-881-RSM

9           v.

REPORT AND RECOMMENDATION

10

NADHEZDA NIKOLINA, et al.,

11                              Defendants.

12

13          Plaintiff is detained at the Snohomish County Jail. He has filed a *pro se* prisoner

complaint seeking relief under 42 U.S.C. § 1983 against defendant Nadhezda Nikolina, Jail

14
financial supervisor; Anthony Aston, Deputy Sheriff; and Ty Trenary, Sheriff. Dkt. 5 at 2.

15
            The Court is required to screen complaints filed by plaintiffs who are prisoners. *See* 28

16
U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if it

17
is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)

18
seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. §

19
1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

20
            The complaint here alleges that after plaintiff was booked into the Snohomish County

21
Jail, Defendant Nikolina began taking money from plaintiff's account to cover postage costs for

22
legal mail plaintiff sent to his attorney, members of his criminal defense team and court. Dkt. 5 at

23
3. Plaintiff believes defendants Aston and Trenary approved the practice and policy of taking

REPORT AND RECOMMENDATION - 1

1   money from inmates to pay for legal mail postage. *Id.* Plaintiff indicates the jail charges inmates

2   for the cost of postage for legal mail, but not for the cost of "personal mail." *Id.* He does not

3   allege this practice is unlawful. Rather he alleges since he is "representing himself pro se,"

4   defendants should not have charged him for postage for legal mail and the deductions from his

5   account for this cost therefore violated his rights under the Sixth and Fourteenth Amendments.

6   *Id.* Plaintiff alleges he grieved the taking of money from his jail account but defendants declined

7   to reimburse him for past postal charges, though they stopped charging him postage for legal

8   mail he sends. *Id.*

9           As relief plaintiff requests the Court order defendants to reimburse him for past postage

10  charges and award him compensatory damages of $1,000,000 and punitive damages of

11  $1,000,000. *Id.* at 5. Because plaintiff has a post-deprivation state remedy for the alleged taking

12  of his money, i.e. his property, a 42 U.S.C. § 1983 cannot be sustained. This is a deficiency that

13  no amendment can cure, and the Court accordingly recommends dismissing the complaint with

14  prejudice and without further leave to amend.

15                                      **DISCUSSION**

16          To sustain an action under 42 U.S.C. § 1983, plaintiff must show he suffered a violation

17  of rights protected by the Constitution or created by federal statute. C*rumpton v. Gates*, 947 F.2d

18  1418, 1429 (9th Cir. 1991). Plaintiff alleges his Fourteenth and Sixth Amendment rights have

19  been violated. The Fourteenth Amendment bars states from depriving a person of property

20  without due process of law. U.S. Const. Amend. XIV. However, where a state actor's

21  unauthorized acts negligently or intentionally deprives an individual of property, the individual is

22  limited to using state post-deprivation remedies if the state has an adequate post-deprivation

23  remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that "an unauthorized intentional

REPORT AND RECOMMENDATION - 2

1  deprivation of property by a state employee does not constitute a violation of the procedural

2  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post

3  deprivation remedy for the loss is available").

4      The Ninth Circuit has specifically held that an adequate post-deprivation remedy for

5  confiscated property is available in the State of Washington through, for example, the

6  Washington State Tort Claims Act, R.C.W. § 4.92.090. *Joshua v. Newell*, 871 F.2d 884, 887 (9th

7  Cir.1989). Similarly, under Washington law, "all local governmental entities . . . shall be liable

8  for damages arising out of their tortious conduct. "R.C.W § 4.96.010. As plaintiff has an

9  adequate Washington post-deprivation remedy for the alleged wrongful taking of his postage

10  money, his § 1983 complaint fails and should be dismissed with prejudice.

11      Here plaintiff alleges defendants took money to pay for postage. Plaintiff grieved the

12  taking and alleges defendants consequently stopped taking money for postage. To the extent

13  defendants negligently or intentionally took plaintiff's money, and now decline to return it,

14  plaintiff must utilize the post-deprivation remedies that are available under Washington law. The

15  Court also notes plaintiff claim is based upon the allegation the defendants deducted costs for

16  legal mail plaintiff "sent to his attorney, members of his criminal defense team and court." Dkt. 5

17  at 3. But plaintiff acknowledges that deductions for postage for legal mail are appropriate and

18  thus these alleged deductions do not support a violation of any kind.

19      Plaintiff, who is detained on pending criminal charges, also alleges his Sixth Amendment

20  rights were violated. The Sixth Amendment protects the rights of an accused in a criminal

21  prosecution. U.S. Const. Amend. XI. However, the complaint contains no facts establishing

22  defendants violated plaintiff's Sixth Amendment rights. Moreover, a Federal Court will not

23  intervene in a pending state criminal matter absent extraordinary circumstances where the danger

of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45, 46

(1971). The *Younger* abstention doctrine requires that a federal district court dismiss a federal

action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford

the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n*

*v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). Each of the *Younger*

criteria are satisfied here. Plaintiff's proceedings are ongoing, involve a criminal prosecution that

implicates important state interests, and there is nothing to indicate that plaintiff cannot raise in

his criminal case the claim (if there is one). As addressing plaintiff's Sixth Amendment claim in

this action would unduly interfere with the state criminal proceeding in a way *Younger*

disapproves, the Court should abstain from acting.

In sum, plaintiff alleges defendants impermissible converted his prison funds to cover

postage costs for which he should not be charged. Washington law provides plaintiff with an

adequate post-deprivation remedy for this alleged tortious conduct and the due process clause of

the Fourteenth Amendment is accordingly not offended. Plaintiff also alleges defendants violated

his Sixth Amendment rights but the complaint presents no facts in support. Even if plaintiff

could state facts showing his rights as an accused were affected, plaintiff should present the

allegations to the state court which is currently presiding over his criminal case. This Court is

constrained from intruding into plaintiff's on-going state criminal matters under the *Younger*

abstention doctrine.

## OBJECTIONS AND NOTING DATE

Please do not file an appeal in the Circuit Court for the Ninth Circuit until the assigned

District Judge enters a final order. Objections to this Report and Recommendation may be filed

with the assigned District Judge. Any objections to this Recommendation must be filed no later

REPORT AND RECOMMENDATION - 4

than **Monday, June 26, 2019**.  The matter will be ready for the Court's consideration on Friday**,**

**June 28, 2019** and the Clerk should so note the matter. Objections shall not exceed 8 pages. The

failure to timely object may affect the right to appeal.

DATED this 12th day of June, 2019.

_____

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5