UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD

       Plaintiff,

 v.

NADHEZDA NIKOLINA, *et al.*,

       Defendants.

CASE NO. C19-881 RSM

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge. Dkt. #6. The R&R recommends dismissal of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), on the basis that Plaintiff has failed to state a claim for violation of his rights under the Fourteenth Amendment due process clause and the Sixth Amendment. *Id.* at 2. The R&R finds that no amendment can cure this deficiency. Plaintiff Gabriel Eckard has not filed objections in this case.

The Court agrees with the findings and conclusion of the R&R recommending dismissal of Plaintiff's complaint with prejudice and without further leave to amend. Furthermore, under the Prison Litigation Reform Act, a prisoner is limited in the number of times he may bring an action dismissed on the grounds that it is frivolous, malicious, or fails to state a claim. Specifically,

ORDER DISMISSING ACTION
PAGE - 1

the Act provides, in relevant part:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Nothing in Plaintiff's complaint or the remainder of the record indicates his threat of imminent danger of serious physical injury. *See generally* Dkt. #5 (alleging unlawful conversion of prison funds to cover legal mail postage costs). Accordingly, dismissal of this case counts as a strike under 28 U.S.C. § 1915(g).

In lieu of objections, Plaintiff has filed a Motion to Dismiss stating that he "concurs [with the R&R] that dismissal in this case would be appropriate." Dkt. #7 at 1. Plaintiff's Motion explains that he failed to consider that a tort claim would be the correct remedy rather than a civil rights claim under 42 U.S.C. § 1983, and that he "is also raising the issue in the trial court." *Id.* Plaintiff's efforts to withdraw his Complaint to avoid dismissal under 28 U.S.C. § 1915(e) are not permitted by the Court. *See Love v. Jones*, 2018 U.S. Dist. LEXIS 104595 (S.D. Fla. Jun. 20, 2018) ("Allowing prisoners to file multiple complaints, wait until they are screened, and then dismiss only those found to be wanting . . . would frustrate Congressional intent in enacting the PLRA."); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991).

Accordingly, having reviewed Plaintiff's civil rights complaint, the Report and Recommendation of Judge Tsuchida, and the remainder of the record, the Court hereby finds and ORDERS:

1) The Report and Recommendation (Dkt. #6) is ADOPTED;

2) Plaintiff's complaint (Dkt. #5) and this action are DISMISSED with prejudice and without further leave to amend for failure to state a claim on which relief may be

granted under 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk shall count this dismissal as a strike under 28 U.S.C. § 1915(g); and

3) The Clerk shall send a copy of this Order to Plaintiff and to the Honorable Brian A. Tsuchida.

DATED this 19th day of July 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE